## Pittsburg Wagon Works' Estate.

*Appeals—Defective record—Remanding case—Auditor—Evidence.*

Where on an appeal from an order dismissing exceptions to an auditor's report, it appears that some of the material findings of the auditor are based upon documentary and other evidence received by him, but not returned with his report, and not printed in the appellant's paper-book, the case will be remitted to the court below with directions to refer it to the same or another auditor.

Argued Oct. 30, 1900.  Appeals, Nos. 68 and 156, Oct. T., 1900, by W. J. Kountz et al., and by Frederick Gwinner et al., from order of C. P. No. 2, Allegheny Co., Oct. T., 1896, No. 614, dismissing exceptions to auditor's report in the matter of the Trust Estate of the Pittsburg Wagon Works.  Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.  Case recommitted.

Exceptions to auditor's report, in the matter of the distribution of proceeds of the sale of real estate of the Pittsburg Wagon Works.

*D. F. Patterson*, with him *J. Charles Dicken*, for W. J. Kountz, appellant, and for appellee in Gwinner's appeal.

*William A. Sipe*, for Frederick Gwinner et al., appellants, and for appellee in Kountz's appeal.

Opinion by Mr. Justice Mestrezat, January 7, 1901

In disposing of these appeals, which are from the same decree and were argued together, it is necessary to determine the effect of the attachment executions issued on the Phillips' judgment to Nos. 222, September term, 1879, and 247, December term, 1898, of the court of common pleas No. 1, of Allegheny county.  In the evidence as certified by the auditor and printed in the appendix to the appellant's paper-book in Kountz's appeal, the records and all the necessary papers in the attachment execution at No. 222, September term, 1879, appear to have been offered and received in evidence by the auditor.  In the attachment execution proceedings at No. 247, December term, 1898, the appellant's counsel in the appeal of Gwinner et al., offered the writ and all the papers in the case, but the offer was objected to as incompetent and irrelevant.  The certified copy of the evidence as given in the appendix to the appellant's paper-book in Kountz's appeal does not give a copy of the record or of the papers in this latter attachment execution.  Nor does it show what ruling, if any, the auditor made on the offer and objection.  In the appendix to the paper-book of the appellee in Kountz's appeal, under the caption of "Offers before the auditor," the attachment execution is referred to as having been

"executed October 8, 1898," and the appendix to the paper-book of appellant in the appeal of Gwinner et al., contains a copy of the præcipe for the attachment execution, and of the part of the record showing that an attachment execution was issued and executed.

The auditor does not find as a fact that an attachment execution was issued or served at No. 247, December term, 1898, nor does he refer to it in any way in his report. We are therefore led to the conclusion that he sustained the objection to the offer, and excluded it for reasons appearing in the evidence received by him but not printed in the paper-book. The record discloses no exception to the auditor's action in regard to the matter, unless it be included in the first exception, which alleges that the auditor erred in not finding and reporting all the facts requested by the exceptant's counsel. The counsel in both appeals, however, have argued the question of the validity of the attachment execution.

We deem it material and necessary for a proper disposition of the questions raised on this record, that the facts in regard to the proceedings on the attachment execution at No. 247, December term, 1898, should be fully found, and that the evidence adduced to support the finding should be returned by the auditor and printed for consideration by the court. The evidence not being before us, we are unable to determine the correctness of the auditor's action in regard to the attachment. We are therefore compelled to send the matter back to him. It will be his duty to ascertain the facts relative to the attachment, and report them with all the evidence in support thereof, to the court below with his conclusions of law.

We suggest as the case goes back to the auditor, that he recast his report generally, and in addition to his conclusions of law stated in the report he has filed, that he determine the right of the attaching creditor to attach the funds in the hands of the accountant as trustee at the dates respectively when it is alleged the two attachments were laid; the regularity of the proceedings on the first attachment; what was attached therein and the right to issue, and the necessity for issuing, the fi. fa. on the judgment against the garnishee in the attachment execution at No. 222, September term, 1879; whether the title to the interests in the fund of the attaching creditor was secured by the

attachment merely, or by it supplemented by the judgment and execution; the effect of the failure of Mrs. Kountz to show that the interests claimed by her were purchased with her own funds; and that he state his reasons for his conclusion in each instance, supported by any authorities he may deem pertinent. These questions were all raised by counsel and should have been disposed of by the auditor. We do not intend by these suggestions that the auditor shall take these matters up and dispose of them seriatim, but that he will embody in his report a full finding of the facts in all matters in controversy with his conclusions of law thereon. The parties can then file such exceptions as they may desire, and the matter will be in shape to have the questions raised on the record properly disposed of by the court. It is the duty of the appellant to print all the evidence reported by the auditor and necessary for a determination of the questions arising thereon.

The cases are recommitted to the court below with directions to refer them to the same or another auditor with instructions, after hearing the parties if they so desire, to report the facts on all matters at issue with his conclusions of law thereon; and with the right thereafter to the parties to file such exceptions to said report as they may desire.